## UNITED STATES *v.* LANDRAM.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted April 5, 1886.—Decided April 19, 1886.

After the act of March 1, 1879, amending the laws relating to internal revenue took effect, collectors of internal revenue were entitled to compensation as follows: (1) to salaries graded according to the amount of their annual collections, the minimum salary being $2000 and the maximum $4500 ; (2) in addition to the salary to a commission of one half of one per cent. on taxes or spirits collected by sales of tax-paid stamps, provided the total net compensation should not be more than $4500; (3) to such further allowance as the Secretary of the Treasury might make, provided the limitation of $4500 as the total net compensation was not exceeded.

The case is stated in the opinion of the court. The cause was decided in the Court of Claims on the 18th of February, 1886, and at once brought here on appeal and submitted.

*Mr. Solicitor-General* and *Mr. E. M. Watson* for appellant.

*Mr. Green B. Raum* for appellee.

MR. JUSTICE WOODS delivered the opinion of the court.

By § 2 of the act of March 1, 1879, entitled "An Act to amend the laws relating to internal revenue," ch. 125, 20 Stat. 327, the 12th section of the act of February 8, 1875, ch. 36, 18 Stat. 307, was amended so as to read as follows :

" That each collector of internal revenue shall be authorized to appoint, by an instrument in writing under his hand, as many deputies as he may think proper, to be compensated for their services by such allowances as shall be made by the Secretary of the Treasury, upon the recommendation of the Commissioner of Internal Revenue. Allowances shall also be made in like manner for salary and office expenses of collectors, all of which shall be in lieu of the salary and commissions heretofore provided by law: *Provided however*, That the

salaries of collectors shall be fixed at two thousand dollars each per annum where the annual collections amount to twenty-five thousand dollars or less, and shall, by the Secretary, on the recommendation of the Commissioner, be graduated up to the maximum limit of four thousand five hundred dollars; which latter sum shall be allowed in all cases where the collections amount to one million of dollars or upward. . . . *Provided*, That the Secretary of the Treasury, on the recommendation of the Commissioner of Internal Revenue, be authorized to make such further allowances, from time to time, as may be reasonable, in cases in which, from the territorial extent of the district, or from the amount of internal duties collected, it may seem just to make such allowances; but no such allowance shall be made if more than one year has elapsed since the close of the fiscal year in which the services were rendered. But the total net compensation of a collector shall not in any case exceed four thousand five hundred dollars a year; and no collector shall be entitled to any portion of the salary pertaining to the office unless such collector shall have been confirmed by the Senate, except in cases of commissions to fill vacancies occurring during the recess of the Senate."

By § 5 of the same act it was provided as follows: "That section thirty-three hundred and fourteen [of the Revised Statutes shall] be amended by striking out all after said number and substituting the following: 'The books of tax-paid stamps issued to any collector shall be charged to his account at the full value of the tax on the number of gallons represented on the stamps and coupons contained in said books; and every collector shall make a monthly return to the Commissioner of Internal Revenue of all tax-paid stamps issued by him to be affixed to any cask or package containing distilled spirits on which the tax has been paid, and account for the amount of the tax collected; and when the said collector returns to the Commissioner of Internal Revenue any book of marginal stubs, which it shall be his duty to do as soon as all the stamps contained in the book when issued to him have been used, and accounts for the tax on the number of gallons

represented on the stamps and coupons that were contained in said book, there shall be allowed to the collector a commission of one-half of one per centum on the amount of such tax in addition to any other commission by law allowed; *Provided*, That the total net compensation of collectors as fixed by this title shall not be thereby increased.'"

This so-called amendment was simply a re-enactment of § 3314 without any change whatever.

While these sections were in force, to wit, during the five fiscal years beginning with July 1, 1879, and ending with June 30, 1884, William J. Landram, the appellee, was the collector of internal revenue for the eighth district of Kentucky. During that period he received a salary as follows: For the years ending respectively on June 30, 1880, and June 30, 1883, $3000 for each year; for the years ending respectively June 30, 1881, and June 30, 1882, $2875 for each year; and for the year ending June 30, 1884, $4375. During each of the years above mentioned Landram collected a large amount of taxes on distilled spirits by the sale of tax-paid stamps, on which, limiting his total net compensation for each year to $4500, the commissions for the whole five years to which he would have been entitled, on the assumption that § 3314 of the Revised Statutes still remained in force, would amount to $4724.78. The accounting officers of the Treasury refused to allow him this sum or any part of it. He therefore brought his suit against the United States, in the Court of Claims, to recover it. Upon a finding of the foregoing facts the Court of Claims gave him judgment for said sum, and the United States appealed.

The policy of allowing a commission of one-half of one per cent. on taxes collected from distilled spirits by the sale of tax-paid stamps was begun by the act of July 20, 1868, ch. 185, 15 Stat. 125, which required that the taxes on distilled spirits should be paid by affixing to the packages in which they were contained the prescribed stamps, and " allowed a commission of one-half of one per centum on the amount of the tax on spirits distilled after the passage of " that " act in addition to any other commission by law allowed, which " should " be equally divided between the collector receiving the tax and the asses-

sor of the district in which the distilled spirits were produced." This policy was continued by the act of December 24, 1872, ch. 13, 17 Stat. 401, which, after abolishing by § 1 the office of assessor of internal revenue, provided by § 6 that the commission of one-half of one per centum allowed by the act of July 20, 1868, to the collector and assessor should be paid to the collector, provided that "the total net compensation of collectors" should not be thereby increased. The provisions of the acts of 1868 and 1872 remained in force until June 22, 1874, when, having been embodied in § 3314 of the Revised Statutes, they were re-enacted. By the act of March 1, 1879, § 3314, though still in force, was re enacted *in totidem verbis*, and by the act of May 28, 1880, ch. 108, 21 Stat. 145, entitled "An Act to amend the laws in relation to internal revenue," the same section was repeated and re-enacted, word for word.

It is asserted by counsel for the appellee, and not disputed by counsel for appellant, that prior to the passage of the act of March 1, 1879, *ubi supra*, the right of collectors of internal revenue to the one-half of one per centum commissions on taxes collected on distilled spirits was never questioned. After June 22, 1874, the commissions were allowed and paid solely by virtue of the provisions of § 3314 of the Revised Statutes.

On the passage of the act of March 1, 1879, the right of the collectors to commissions was for the first time disputed. It seems to us clear that this right was not taken away by that act. When it was passed § 3314 of the Revised Statutes allowing the commissions was in force. It was a plain, unambiguous provision whose meaning had not been doubted, and which was not open to construction. Being in force, there was no reason for its re-enactment by the act of March 1, 1879, except to express in a most unmistakable manner the purpose of Congress that it should continue in force, and should not be considered as in any way modified by that act. This purpose Congress reiterated by repeating and re-enacting the same section in the act of May 28, 1880. By virtue of the provisions thus enacted and re-enacted the right of the appellee to the commissions would seem to be plain.

The only ground upon which the appellants try to escape this conclusion is by an argument which amounts to this: that Congress, by § 2 of the act of March 1, 1879, intended virtually to repeal by implication that part of § 3314 of the Revised Statutes relating to collectors' commissions, which, by § 5 of the same act, it deliberately, and, word for word, re-enacted. Conceding that this argument is entitled to any weight, it is to be noted that, if the provision referred to was repealed by the same act which re-enacted it, it was an independent enactment, and, without change or qualification, again restored to the statute book by the subsequent act of May 28, 1880, *ubi supra*, where it has remained ever since, covering more than four-fifths of the period for which the appellee claims the commissions sued for in this case.

But it is not necessary to resort to the act of May 28, 1880, to sustain the right of the appellee to any part of his commissions. It is a settled rule of construction that " one part of a statute must be so construed by another that the whole may, if possible, stand; *ut res magis valeat quam pereat;* " 1 Bl. Com. 89 ; or, as otherwise expressed, that every clause in a statute should have effect, and one portion should not be placed in antagonism to another. *Brooks* v. *Mobile School Board,* 31 Ala. 227. Applying this rule to the interpretation of §§ 2 and 5 of the act of March 1, 1879, so far as they relate to the compensation of collectors, their meaning appears to be, first, that salaries shall be allowed to collectors, graded according to the amount of their annual collections, the minimum salary being $2000 and the maximum $4500 ; second, that in addition to the salary a commission of one-half of one per centum on the taxes on spirits collected by sales of tax-paid stamps shall be allowed collectors, provided that their total net compensation shall not be more than $4500 ; and, third, that the Secretary of the Treasury may make further allowances, provided the limitation of $4500 as the total net compensation of the collector is not exceeded. Thus construed, both sections of the statute are given effect without violence to the language or spirit of either. No construction of the two sections would be so incongruous and unreasonable as to hold that Congress

deliberately re-enacted the provision of § 3314 allowing commissions to the collectors without meaning anything by it; for the case of the appellants cannot be sustained unless we virtually expunge from the statute book, after it had *ex industria* been put there by Congress, the provision allowing to the collectors commissions on taxes collected by the sale of tax-paid spirit stamps.

*Judgment affirmed.*