## CRABB v. ZERBST, Warden.
### No. 8769.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1938.

Hal Lindsay, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding appellant to the custody of appellee. Appellant was sentenced in the Northern District of Mississippi to serve seven years on the first count of an indictment charging him with feloniously taking and carrying away certain personal property belonging to the United States. The charge is in the language of the Criminal Code, § 46, 18 U.S.C.A. § 99. Sentences imposed on other counts were to run concurrently with that imposed on the first count, so that appellant is now confined solely for the offense charged in the first count.

Appellant contends that the offense of feloniously taking and carrying away, as defined in section 46, 18 U.S.C.A. § 99, is identical with the offense of stealing, as defined in section 47, 18 U.S.C.A. § 100. From this, he argues that, since section 46 was derived from the Act of March 2, 1867, whereas section 47 was derived from the Act of March 3, 1875, so much of section 46 as authorizes the imposition of a maximum sentence of ten years for feloniously taking and carrying away the property of the United States is repealed or superseded by that part of section 47 authorizing a maximum sentence of five years for stealing the property of the United States. The matter is not so simple. The Act of March 2, 1867, was enacted prior to the promulgation of the Revised Statutes and was included therein as section 5456. It was repealed by the repealing section of the Act of March 4,

1909 (section 341, 35 Stat. 1153), by reference to the Revised Statutes, the reference being "sections fifty-four hundred and thirteen to fifty-four hundred and eighty-four, both inclusive." Likewise, the original counterpart of section 47 was included in the repealing section of the Criminal Code (section 341), as follows: "'An Act to punish certain larcenies and the receivers of stolen goods,' approved March third, eighteen hundred and seventy-five." Both sections were re-enacted by Congress as the named sections of the Criminal Code under the Act of March 4, 1909, so that neither stands upon any prior enactment, but both are present as a result of contemporaneous enactment, or as a part of the same statute, both deriving their existence from the same enacting clause. Thus, the case here presented is substantially different from that presented in U. S. v. Yuginovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043.

The contention that the offense of stealing is identical with the offense of feloniously taking and carrying away is based upon the various definitions given to the words *steal, purloin,* and *larceny.* That felonious taking and carrying away of property which may be the subject of the offense constitutes the common law offense of larceny cannot be disputed. Other words or formulas may be found without departing from the ancient concept. Thus, larceny may be defined as a trespassory taking and asportation, the unpermitted obtaining of possession of the chattel of another and the removal thereof, or by any other words of like connotation. However, it is doubtful if at common law any fixed definition or formula was not strained in its application to some of the cases clearly constituting the offense. Modern criminal codes treat the offense in various ways. Some define the offense by following the old cases and are merely declaratory of the common law, while others have broadened the offense to include offenses previously known as embezzlement, false pretenses, and even felonious breaches of trust. Commonwealth v. King, 202 Mass. 379, 88 N.E. 454; People v. Ehrlich, 190 App.Div. 302, 303, 179 N. Y.S. 719; Larceny Act (1916), 6 and 7 Geo. V. C. 50. The obvious purpose of this apparent merger is to avoid the pitfalls of pleading where a defendant might escape a conviction for one offense by proof that he had committed another.

In the present case, we are not unmindful of the rule for strict construction of penal statutes (United States v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 33 L.Ed. 1080), but the rule does not appear to have any application here, since it is contended, not that the offense is not covered by statute, but that it is covered by both sections. We are bound to treat the two sections as part of one and the same statute. This requires the application of the rule requiring construction as a whole and consideration of every material part. U. S. v. Freeman, 3 How. 556, 11 L.Ed. 724; United States v. Fisher, 109 U.S. 143, 3 S.Ct. 154, 27 L.Ed. 885; U. S. v. Landram, 118 U.S. 81, 6 S.Ct. 954, 30 L.Ed. 58; Great Northern R. Co. v. U. S., 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567. The Congress is presumed to have used no superfluous words, and each word should have attributed to it some meaning not within the plain signification of other language found therein. Platt v. Union P. R. Co., 99 U.S. 48, 25 L.Ed. 424. None of the language should be rejected if it can be made to harmonize, and all the words can be given their proper purport and effect. Eyster v. Centennial Board of Finance, 94 U.S. 500, 24 L.Ed. 188; U. S. v. Lexington Mill & Elevator Co., 232 U.S. 399, 34 S.Ct. 337, 58 L.Ed. 658, L.R.A.1915B, 774; Wiborg v. U. S., 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; U. S. v. Howell, 11 Wall. 432, 20 L.Ed. 195. One part of a statute must be construed with another so that the whole may stand, if possible. U. S. v. Landram, 118 U.S. 81, 6 S.Ct. 954, 30 L. Ed. 58. The doctrine noscitur a sociis in the interpretation of statutes does not operate to render general words meaningless. Mason v. U. S., 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396. It is the duty of the court to give effect to every word in a statute, provided that this can be done without violating the obvious intention of the legislative authority. U. S. v. Gooding, 12 Wheat. 460, 6 L.Ed. 693.

As pointed out above, the modern tendency is to broaden the offense of larceny, by whatever name it may be called, to include such related offenses as would tend to complicate prosecutions under strict pleading and practice. In some of these statutes the offense is denominated "theft" or "stealing." No statute offers a clearer example of compromise between the common law and the modern code than the two sections here involved.

Section 46 deals with robbery and larceny, the description of the latter being taken from the common law. Section 47 denounces the related offenses which might be included with those described in section 46 under a code practice seeking to avoid the pitfalls of technical pleading. In it the offense of embezzlement is included by name, without definition. Then to cover such cases as may shade into larceny, as well as any new situation which may arise under changing modern conditions and not envisioned under the common law, it adds the words *steal or purloin*. That dictionaries use these words in defining larceny, and each of them in defining the other, does not prove that they are synonymous. Larceny is hedged about by its common-law definition. Embezzlement must be considered to have its classical meaning and to stand at the opposite extreme of the offenses dealt with in these two sections. Between them there lies a gap which has grown wider and wider as the multifarious activities of the central government have spread and increased. Stealing, having no common law definition to restrict its meaning as an offense, is commonly used to denote any dishonest transaction whereby one person obtains that which rightfully belongs to another, and deprives the owner of the rights and benefits of ownership, but may or may not involve the element of stealth usually attributed to the word *purloin*. We do not intend to delineate the differences in meaning of these words. It is sufficient for this case to say that there are shades of difference in meaning, and that Congress used them with these differences in view. It follows that the two sections of the Criminal Code may stand in complete harmony, the penalty provisions of the one not being affected by the other. Thus, in any case involving larceny as defined by the common law, section 46 would apply. Where the offense is embezzlement, or its nature so doubtful as to fall between larceny and embezzlement, it may be prosecuted under section 47.

In the present case, we are not called upon to examine the facts and determine which offense, or if any offense, has been committed. Having found that an offense described in the Criminal Code has been charged in the indictment, and that a sentence within the maximum prescribed for that offense has been imposed by the proper court having jurisdiction of the person and of the subject matter, we have no power to proceed further by habeas corpus. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Aderhold v. Hugart, 5 Cir., 67 F.2d 247.

The judgment of the district court is affirmed.