Amos E. Bowman, J.
Petitioner in this proceeding pursuant to CPLB article 78 is the Association of the Bar of the City of New York. As its name indicates, petitioner is a “ bar association. ’ ’ At this point the reader may be puzzled by the foregoing statement of the obvious, but the significance of the statement will materialize in the course of this opinion. Petitioner is the owner of real property consisting of the House of the Association of the Bar located at 42 West 44th Street, Borough of Manhattan, and the Bar Building located at 36 West 44th Street, Borough of Manhattan.
Bespondents are the Finance Administrator of the City of New York, the Tax Commission of the City of New York, and the individual members of the Tax Commission. Pursuant to New York City Local Law No. 46 of 1971, which was enacted pursuant to the enabling authority of section 421 (subd. 1, par. [b]) of the Beal Property Tax Law, enacted in chapter 414 of the Laws *403 of 1971 of the State of New York, respondents have placed on the city’s tax rolls, as of January 1, 1972, the real property of petitioner, which was previously exempt from taxation by the city (and which has been and continues to be exempt from taxation by the State). By this proceeding petitioner seeks to direct respondents to remove from the tax rolls of the city its previously exempt real property, and alternative relief. (A certain portion of the Bar Building is not occupied by petitioner but is leased by petitioner to independent tenants. It is undisputed that such portion has been and continues to be subject to taxation.)
Petitioner by this proceeding challenges the constitutionality of section 421 of the Real Property Tax Law. The Attorney-General of the State of New York, pursuant to section 71 of the Executive Law and CPLR 1012 (subd. [b]) has intervened in support of the constitutionality of the challenged statute.
Respondents’ objection in point of law that petitioner has failed to exhaust its administrative remedies cannot be upheld. It is alleged in this proceeding that a taxing authority has proceeded in excess of its jurisdiction, and the basic jurisdictional issue is whether petitioner’s real property is at all taxable. Accordingly the administrative procedures for review of tax assessments do not bar the seeking of judicial review of the basic jurisdictional issue. (Matter of State Ins. Fund v. Boyland, 282 App. Div. 516, affd. 309 N. Y. 1009; Buffalo Hebrew Christian Mission v. City of Syracuse, 33 A D 2d 152.)
Eight causes of action are alleged by petitioner. The first cause of action is that petitioner’s real property is used exclusively for educational and charitable purposes and is, therefore, exempt from taxation by virtue of section 1 of article XVI of the Constitution of the State of New York. The second cause of action is that if New York City Local Law No. 46 of 1971 is interpreted as taxing petitioner’s real property, which petitioner maintains is used exclusively for educational and charitable purposes, the local law is invalid as exceeding the authority of the enabling State legislation (Real Property Law, § 421). The third cause is that section 421 of the Real Property Tax Law, insofar as it may be interpreted to authorize the City of New York to enact a local law which taxes petitioner’s real property, allegedly used exclusively for educational and charitable purposes, is invalid as being in conflict with section 1 of article XVI of the New York State Constitution. The fourth cause is that petitioner’s real property is not subject to taxation pursuant to New York City Local Law No. 46 of 1971, as that property is not used exclusively for “ bar association ” purposes, as defined *404 in that statute. The fifth cause of action is that New York City Local Law No. 46 of 1971, pursuant to which petitioner’s real property has been placed on the city’s tax rolls, is void as being unduly vague in violation of the <|ue process requirements of section 6 of article I of the New York State Constitution and the Fourteenth Amendment to the United Spates Constitution. The sixth cause is that the classificatipn pursuant to which petitioner is taxed under the applicable local law and the enabling State law is arbitrary and irrational and is, therefore, a denial to petitioner of equal protection of the laws within the meaning of section 11 of article I of the New' York State Constitution and the Fourteenth Amendment to the United States Constitution. The seventh and eighth causes of action allege that if petitioner’s real property is taxable by the City of New York, the applicable local law and the enabling State law cannot operate so as to tax that property prior to July 1,1972.
Necessary at this point to an understanding of the issues raised is a history of the legislation of this State exempting from taxation real property owned by various categories of nonprofit organizations.
Through the course of the eighteenth and nineteenth centuries, the Legislature of the State of New York enacted statutes exempting from taxation certain categories of ¡real property. At the turn of the century, the laws of New York, as codified in the then existing section 4 of the Tax Law, exempted from taxation real property owned by a corporation or association organized exclusively for and used exclusively for one or more of the following purposes: moral and mental improvement of men and women, religious, charitable, missionary, hospital, educational, patriotic, historical, cemetery, bible, tract, benevolent, infirmary, scientific, literary, library, enforcement of laws relating to children or animals.
By virtue of chapter 565 of the Laws of 1927, a new category was addéd to the above, to wit: “ bar association ”.
In 1938, section 1 of article XVI of the New York State Constitution was adopted. That provision raised from statutory to constitutional the exemption from taxation of real property in thr’ee specific categories. It reads ‘ ‘ Exemptions [of real property from taxation] may be altered or repealed except those exempting real or personal property used exclusively for religious, educational, or charitable purposes as defined by law and owned by any corporation or association organized or conducted exclusively for one or more such purposes and not operating for profit. ’ ’
*405 At the end of 1971, the statute providing for the exemption from taxation of real propérty owned by nonprofit organizations was section 420 of the Real Property Tax Law (L. 1958, ch. 959). That statute exempted from taxation real property owned by a corporation or association organized exclusively for, and used exclusively for, one or more of several purposes. In the order in which they are enumerated in the statute, they are: moral or mental improvement of men and women, religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical, cemetery, enforcement of laws relating to children or animals.
In 1971 the Legislature (by L. 1971, ch. 414, eff. Jan. 1, 1972) amended section 420 of the Real Property Tax Law and (L. 1971, ch. 417, § 5, eff. April 1,1972) renumbered it section 421.
By paragraph (a) of subdivision 1 of the new section 421, complete exemption from taxation is continued in the three constitutionally protected categories plus two additional categories. In the order in which the statute enumerates them, they are: religious, charitable, hospital, educational, cemetery.
The next paragraph reads: “ (b) Real property owned by a corporation or association which is not organized or conducted exclusively for religious, charitable, hospital, educational or cemetery purposes, or for two or more such purposes, but which is organized or conducted exclusively for the moral or mental improvement of men and women or for bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic or historical purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association, or by another such corporation or association as hereinafter provided, shall be exempt from taxation; provided, however, that such property shall be taxable by any municipal corporation within which it is located if the governing board of such municipal corporation, after public hearing, adopts a local law, ordinance or resolution so providing. None of the following subdivisions of this section providing that certain properties shall be exempt under circumstances or conditions set forth in such subdivisions shall exempt such property from taxation by a municipal corporation whose governing board has adopted a local law, ordinance or resolution providing that such property shall be taxable. ’ ’
*406 Thus, the 1971 Legislature extended to municipal corporations at their option a “ tax package ” covering the real property in all categories other than the three exempted by the State Constitution and two additonal categories, while preserving all exemptions of real property from taxation by the State.
(The findings and intent of the Legislature in its enactment of Real Property Tax Law, § 421, are stated in the preamble thereto, L. 1971, ch. 414, § 1. The findings are based upon a report of the Joint Legislative Committee to Study and Investigate Real Property Tax Exemptions that municipal corporations in this State, including the City of New York, are threatened by an existing and ever-increasing erosion of their tax bases by the proliferation of .real property tax exemptions. N. Y. Legis. Doc., 1970, No. 15.)
New York City Local Law No. 46 of 1971, insofar as relevant to the determination at bar (Administrative Code, § J51-3.0), follows section 421 (subd. 1, par. [b]) of the Real Property Tax Law by providing for taxation by the City of New York in categories verbatim with those listed in the enabling State statute. The local law uses exactly the same words, to wit: ‘1 not * * * for ’ ’ followed by the identical named categories, followed by ‘1 but * * * for, ’ ’ followed by the identical named categories.
Also necessary to an understanding of the issues herein raised is a history of petitioner’s exemption from real property taxation. Petitioner was incorporated in 1871. It has occupied its house since 1895 or 1896. Prior to the 1927 enactment of exemption in the 1 £ bar association ’ ’ category petitioner had never applied for exemption of its real property from taxation. In 1927; petitioner applied for and was granted exemption from taxation of its house on the ground that the house was used exclusively for bar association purposes. In 1954 petitioner applied for and was granted exemption from taxation of the applicable portion of the Bar Building, also on the ground of exclusive use for bar association purposes. At no time prior to the .commencement of this proceeding did petitioner raise the contention that its real property was exempt from taxation under any category other than the ‘1 bar association ’ ’ category.
In this proceeding petitioner now attempts to show that its activities are exclusively 1 ‘ educational ” and ‘ ‘ charitable ” within the meaning of the constitutional and statutory tax exemption provisions. Hon. Bernard Botbin, petitioner’s president, submits’ an affidavit together with exhibits, stating that the activities of petitioner consist principally in maintaining a law *407 library, provision for legal education, review of pending legislation, facilitating the administration of justice through study of the court systems, enforcement of laws governing the practice of law, and supporting free legal aid for indigents, all of which activities it is argued, are charitable and educational. Petitioner points out that any other activities which it maintains, such as social and recreational functions are merely incidental to its educational and charitable functions. (For purposes of exemption from real property taxation, uses which are merely incidental and adjunctive to the constitutionally or statutorily exempt purposes, do not preclude a finding of exclusive use for -the exempt purposes. Matter of Faculty-Student Assn. v. Sharkey, 35 A D 2d 161, affd. 29 N Y 2d 621; Matter of Chautauqua Inst. v. Town of Chautauqua, 35 A D 2d 1, mot. for lv. to app. den. 27 N Y 2d 485; Gospel Volunteers v. Village of Speculator, 33 A D 2d 407, affd. 29 N Y 2d 622.)
Justice Boteiít stresses that petitioner is not a trade association organized principally for the business and economic advancement of its members. Counsel for petitioner states that if a ‘1 bar association ’ ’ within the meaning of the statute in question is a trade association, then petitioner is not organized exclusively for ‘ ‘ bar association ” purposes.
Respondents, and the Attorney-General, contend that petitioner’s own classification of itself as a “bar association ” indicates that it is not an educational or charitable institution. Respondents and the Attorney-General contend that the various categories of real property enumerated in section 421 of the Real Property Tax Law as exempt from taxation, or as exempt from State taxation but subject to local taxation, are mutually exclusive. They contend that the historical derivation of the categories of real property enumerated in section 421 shows that the 1971 Legislature intended that exclusive use of real property in one enumerated category precludes exclusive use in another enumerated category, for example that use exclusively for “hospital ” purposes cannot be use exclusively for “infirmary” purposes, and vice versa, that use exclusively for “ bible ” or “ missionary ” purposes cannot be use exclusively for “ religious ” purposes and vice versa, that use exclusively for “the mental improvement of men and women ’ ’ cannot be use exclusively for “ educational ” purposes, and vice versa, and with relevance to the case at bar, that use exclusively for 1 ‘ bar association” purposes cannot be use exclusively for “educational ” or “ charitable ’ ’ purposes, and vice versa.
*408 Thus we come to the difficulty with the 1971 statute authorizing local taxation of real property previously exempt. The statute, separates the nontaxable from the taxable by the disjunctive. It permits taxation by municipal corporations of real property which is not used exclusively for 5 enumerated purposes but which is used exclusively for 15 different enumerated purposes. The dilemma which the statute presents is eloquently stated by counsel for petitioner: 1 ‘ What is a benevolent association if it is not a charity? * * * When does an infirmary cease being an infirmary and become a hospital? * * * What is a tract or bible or missionary organization if it is not religious? At what point does a tract organization become a religious organization and vice versa? ” And, relevant to the case at bar, counsel asks if a bar asociation cannot be educational or charitable because it is a bar association.
A “ bar association ” is defined by Black’s Law Dictionary [4th ed., 1951] simply as “ an asociation of members of the bar.” Can an organization which is exclusively a bar association be an exclusively educational or charitable organization? Must an organization which is exclusively a bar association be an exclusively educational or charitable organization?
The Association of the Bar of the City of New York, the petitioner herein, was found so to be in two reported cases. In 1959, in Dulles v. Johnson (273 F. 2d 362, cert. den. 364 U. S. 834), the United States Court of Appeals for the Second Circuit found that the activities of the petitioner herein were exclusively educational and charitable within the meaning of the section of the Federal Internal Revenue Code which allowed as a deducation from a decedent’s gross estate to the taxable estate testamentary bequests to a corporation organized and operated exclusively for educational and charitable purposes. In 1934, in Stearns v. Association of Bar (154 Misc. 71), this court found the petitioner in this case to be a charitable corporation for the purposes of determining its immunity from liability for the torts of its servants and agents under the law of tort liability then in effect. (See, also, St. Louis Union Trust Co. v. United States, 374 F. 2d 427.) (Parenthetically the court notes that petitioner’s prior exemption in the “ bar association” category does not preclude a claim of exemption at this time in the educational and charitable categories. No rule is shown that failure to claim any exemption to which one is entitled precludes a claim for such exemption at a later date. The court notes further that the two cited adjudications as to the nature of petitioner’s activities are not binding on this court, not only for the reason *409 that the parties are not the same, but also as the findings of the nature of petitioner’s activities in 1934 and 1959 are not probative of the nature of petitioner’s activities in 1972.)
Another bar association in this State was found not to be organized exclusively for educational and charitable purposes. In Matter of Smith (Brooklyn Bar Assn.) (266 App. Div. 1038, affd. 292 N. Y. 593, mot. to amend remittitur den. 292 N. Y. 718) it was held that the activities of the Brooklyn Bar Association in furtherance of the economic advancement of its members precluded a finding of use exclusively for educational and charitable purposes, within the meaning of the Unemployment Insurance Law (Labor Law, art. 18).
Logic and common sense and experience, supported by case law, compel the conclusion that an organization which is exclusively a bar association may or may not be exclusively an educational and charitable organization.
The foregoing is the basis of petitioner’s contention that New York City Local Law No. 46 of 1971 and section 421 of the Real Property Tax Law are void for vagueness, under the judicially established rule that a statute violates the due process requirements of the Federal and State Constitutions if it is not sufficiently definite so as to give a reasonable man notice of what is prohibited and what is required of him. (Matter of Gold v. Lomenzo, 29 N Y 2d 468; People v. Pagnotta, 25 N Y 2d 333; People v. Byron, 17 N Y 2d 64; United States v. Cardiff, 344 U. S. 174; Connally v. General Constr. Co., 269 U. S. 385.)
This is also the basis of petitioner’s contention that the classification of the statutes, permitting taxation of the real property of petitioner, allegedly an educational and charitable organization which is a bar association, while exempting from taxation other educational and charitable organizations, is a classification which deprives petitioner of equal protection of the laws. (Matter of Pratt v. Tofany, 37 A D 2d 854, and cases therein cited.)
Every presumption must be taken in favor of the validity of a statute. “ Statutes should be read to make sense wherever possible.” (Downing v. Downing, 32 A D 2d 350, 351. Accord, Matter of Boxill v. MVAIC, 33 A D 2d 13,15.) “ A legislative classification is not violative of equal protection of the laws if any state of facts rationally justifying it is demonstrated or perceived * * * It is presumed that the Legislature has investigated and found the existence of a situation showing or indicating the need for the legislation”. (Matter of Pratt v. Tofany, 37 A D 2d 854, 855-856, supra.)
*410 A statute should be interpreted by looking at the statute in its entirety, its legislative history, and the statutes of which it is made a part. (Rankin v. Shanker, 23 N Y 2d 111, 114; Levine v. Bornstein, 4 N Y 2d 241.) “ Words contained in a statute
must, of course, be given the meaning to which they are reasonably entitled but this does not mean that we must accept the language in all of its sheer literalness and forget completely the object which the statute was designed to accomplish.” (Matter of Kelly v. Sugarman, 12 N Y 2d 298, 300. Accord, State of New York v. Garlick Parkside Mem. Chapels, 23 N Y 2d 754, affg. upon opn. below 30 A D 2d 143, 147.) A statute should be read as a working instrument and not merely as a collection of English words. (State of New York v. Garlick Parkside Mem. Chapels, 30 AD 2d, at p. 147, supra.)
“ Words in statutes should be given their ordinary meaning and not extended to accomplish untoward results ”. (Glasser v. Price, 35 A D 2d 98,100.)
The contention of respondents and the Attorney-General, that the categories enumerated in section 421 (subd. 1, par. [b]) of the Eeal Property Tax Law and New York City Local Law No. 46 of 1971 are mutually exclusive, would extend the words used in those statutes to accomplish untoward results. These contentions would require the finding, as regards the dedication and use of real property that “ bible ” and “ missionary ” cannot be “ religious ” and that “ religious ” cannot be “ bible ” or “missionary,” that “ charitable ” cannot be “benevolent” and that “ benevolent ” cannot be “ charitable,” that “literary ’ ’ and' ‘ scientific ’ ’ cannot be ‘ ‘ educational ’ ’ and that * ‘ educational ” cannot be “ literary ” or “ scientific,” and as relevant to the case at bar, that ‘ ‘ bar association ’ ’ cannot be ‘ ‘ educational ” and “ charitable ” and that “ educational ” and “ charitable ” cannot be “ bar association.”
The contentions of respondents and the Attorney-General require, inter alia, that the findings that in order for an organization to be exclusively religious, it must not carry on missionary activity, and equally startling, that in order to be exclusively religious, it must not carry on activities which involve use of the Bible. The contentions require the findings that in order for an organization to be exclusively a hospital, it must not provide infirmary services, that in order for an organization to be exclusively charitable, it must not do anything that is benevolent, that in order for an organization to be exclusively educational, it is banned from engaging in scientific or literary pursuits, or from maintaining a library. The contentions require a *411 finding that in order for an organization to be exclusively educational or charitable or religious, it must refrain from the moral or mental improvement of men and women. And, as relevant to the case at bar, the contentions of respondents and the Attorney-General require a finding that an organization cannot be exclusively educational and charitable if it is a bar association, that is, an association of members of the Bar.
All of the foregoing defies common sense and experience.
It is petitioner who attacks the . constitutionality and validity of section 421 (subd. 1, par. [b]) of the Real Property Tax Law and New York City Local Law No. 46 of 1971. However, it is the contentions of respondents and the Attorney-General, which if upheld, would require the court to find those statutes unconstitutional and void for vagueness, under the cases cited supra. These contentions would render the statutes into instruments under which a reasonable man would not know what is expected and what is prohibited of him. Furthermore, these contentions, under which an exclusively charitable and educational institution can be taxed because it is a bar association (among many examples which can be cited) would render the classification under the statutes in question arbitrary, irrational, and a denial of due process. (Matter of Pratt v. Tofany, 37 A D 2d 854, supra.)
The contentions of respondents and the Attorney-General would further require the finding that the statutes in question are void for internal inconsistency and repugnancy, that is, for containing provisions which are inharmonious, conflicting, contradictory, and irreconcilable, thusly rendering the statutes incapable of interpretation and enforcement. (This doctrine of statutory construction is not raised in the papers herein, and, as far as the court’s research is able to determine, is not found to date in the jurisprudence of New York. It was enunciated by the Supreme Court of the United States per Chief Justice Marshall in 1807 in United States v. Cantril, 4 Cranch [8 U. S.] 167 [see comment upon that case in United States v. Howell, 78 U. S. 432, and Mackey v. State, 3 Ohio St. 362] and has been further enunciated by Federal courts and by the highest courts of sister States. [E.g., Schwegmann Bros. Giant Super Markets v. Eli Lilly & Co., 205 F. 2d 788, 793, cert. den. 346 U. S. 856, rehearing den. 346 U. S. 905; Great Lakes Pipe Co. v. Wetschensky, 193 Kan. 706; Southern Canal Co. v. State Bd. of Water Engrs., 159 Tex. 227; Folks v. Barren County, 313 Ky. 515; Murray v. Philadelphia, 364 Pa. 157; Willcox v. Penn Mut. Life Ins. Co., 357 Pa. 581; Dewrell v. Kearley, 250 Ala. 18, Opinion by the Justices, 249 Ala. 88.])
*412 Thus, and indeed ironically, in order for the court to uphold the constitutionality and validity of section 421 (subd. 1, par. [b]) of the Real Property Tax Law and New York City Local Law No. 46 of 1971, it must reject the contentions of the parties seeking to uphold its validity.
The court holds that the categories of dedication of use of real property enumerated in section 421 (subd. 1, par. [b]) of the Real Property Tax Law and New York City Local Law No. 46 of 1971 are not mutually exclusive. This holding is the only way by which the constitutionality and validity of the statutes can be upheld.
Thus there is no necessary incompatibility of dedication and use of real property simultaneously for “ religious,” “ bible,” and “ missionary ” purposes, for “ hospital ” and “ infirmary ” purposes, for “ charitable ” and “ benevolent ” purposes, or for “educational,” “scientific,” “literary,” and “library” purposes, to cite but a few of the many possible combinations. As relevant to the case at bar, there is no necessary incompatibility between simultaneous dedication and use of real property for “ educational ” and “ charitable ” purposes on the one hand and “ bar association ” purposes on the other. It is manifestly possible for real property to be dedicated and used simultaneously for two or more of the purposes enumerated in the statutes.
Therefore, the test to be applied to determine whether real property is taxable by the City of New York under section 421 (subd. 1, par. [b]) of the Real Property Tax Law, and the local law enacted pursuant therto, is twofold.
The first part of the test (when the requirements of corporate ownership, not herein in issue, have been met) is that the dedication and use of the real property not be exclusively for one or more of the purposes in .the statutes in the “not * * * for” or excluded categories: religious, charitable, hospital and educational.
The second part of the test, independent of the first part, is that the dedication and use be exclusively for one or more of the ‘ ‘ but * * * for ’ ’ or included categories: moral or mental improvement of men and women, bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic, historical, and enforcement of laws relating to children or animals.
It is abundantly clear upon .the record of this case that petitioner is a bar association, and that the dedication and use of petitioner’s real property in question is exclusively for “ bar association” purposes. Were the dedication and use of that *413 real property not simultaneously to be exclusively for one or more of the purposes enumerated in the first group of categories in section 421 (subd. 1, par. [b]) of the Real Property Tax Law and New York City Local Law No. 46 of 1971, the real property would be subject to taxation by the municipal corporation within which it is located, the City of New York.
However, it is abundantly clear upon the record of this case that the dedication and use of the real property of petitioner in question herein is exclusively for ‘ ‘ charitable ’ ’ and 1 ‘ educational ” purposes, as defined by the controlling cases on this point cited supra. The allegations of respondents that petitioner has conducted occasional seminars on lawyers ’ fees and tax problems establish at most a nonconforming use which is merely incidental and adjunctive to the purposes to which petitioner’s real property is dedicated and used.
By way of digression, the court notes with interest that the record demonstrates that in addition to being used for charitable, educational, and bar association purposes, part of petitioner’s real property is used for library purposes. Furthermore, it is within the realm of conception that the real property may at times be used for benevolent, literary, and historical purposes, and for the enforcement of laws relating to children or animals. However, none of the foregoing disturbs the finding that the real property is not subject to taxation for the reason that it is dedicated and used exclusively for charitable and educational purposes.
Section 421 (subd. 1, par. [b]) of the Real Property Tax Law is constitutional and valid. New York City Local Law No. 46 of 1971 comes within the authority of section 421 (subd. 1, par. [b]) of the Real Property Tax Law and is constitutional and valid. However, it is clearly shown that the real property owned by petitioner, which has been placed by respondents on the tax rolls of the City of New York, is used exclusively for charitable and educational purposes, and that respondents have exceeded their statutory authority in placing that real property on the tax rolls of the City of New York.
The further issues raised herein are not reached.
In conclusion the court expresses its appreciation to all counsel appearing in this case for their aid in the resolution of this difficult matter.
For the reasons stated, it is adjudged that respondents shall remove from the tax rolls of the City of New York the real property of petitioner herein described, as of the date upon which the property was first made subject to taxation.