**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth Ray FRAKES,
Defendant-Appellant.**

No. 76–2650.

United States Court of Appeals,
Sixth Circuit.

Submitted June 20, 1977.

Decided Oct. 18, 1977.

---

Kurt A. Phillips, Fort Thomas, Ky. (Court-appointed—CJA), for defendant-appellant.

Albert Jones, U. S. Atty., James H. Barr, Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, WEICK and ENGEL, Circuit Judges.

PER CURIAM.

Defendant-appellant stands convicted by a jury on two counts of interstate transportation of stolen goods having a value of $5000 or more, in violation of 18 U.S.C. § 2314 (1970). We affirm.

The proofs at trial indicated that on September 15, 1975, appellant acquired possession of a used John Deere tractor from a Tennessee firm by passing a $16,500 check drawn on an account with insufficient funds. According to a statement given to the FBI by the appellant, the tractor was subsequently transported across state lines into Arkansas.

On September 22, 1975, the appellant bought another tractor, an International Harvester, from a firm in Mayfield, Kentucky. The purchase was made with an $18,000 check, again drawn on account with insufficient funds. This tractor was recovered on September 25 from an auction company in Missouri, where the appellant had left it with instructions to sell it for $15,500 or $16,500.

With respect to both purchases, the circumstances proven at trial established that the appellant intended to take possession of the tractors without paying for them.

Appellant raises a number of issues on appeal, although we find only one to be sufficiently substantial to merit discussion. Specifically, the appellant claims that § 2314, the National Stolen Property Act, does not penalize the interstate transportation of an object acquired in exchange for an insufficient funds check.

The statute provides:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud  .  .  .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 U.S.C. § 2314 (1970).

Similarly, the Dyer Act, 18 U.S.C. § 2312 (1970), states:

Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

While the precise issue of this case is a matter of first impression, we conclude that the Supreme Court's construction of the Dyer Act is controlling. In *United States v. Turley,* 352 U.S. 407, 77 S.Ct. 397, 1

L.Ed.2d 430 (1957), the Court faced a split among the circuits as to the meaning to be accorded the word "stolen" in the Dyer Act. Three circuits were of the opinion that "stolen" meant the acquisition of property by means which would be punishable at common law as larceny. Three other circuits interpreted "stolen" in a more generic way, not limiting the concept to the crime of larceny. The Supreme Court adopted the latter view, concluding that " '[s]tolen' as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." 352 U.S. at 417, 77 S.Ct. at 402.

The Court further noted, in language which is especially pertinent to the facts of this case:

> [A]n automobile is no less "stolen" because it is rented, transported interstate, and sold without the permission of the owner (embezzlement). *The same is true where an automobile is purchased with a worthless check,* transported interstate, and sold (false pretenses).[17]
>
> [17] See *Boone v. United States,* 235 F.2d 939 (C.A. 4th Cir. 1956); *Murphy v. United States,* 206 F.2d 571 (C.A. 5th Cir. 1953); *Ackerson v. United States,* 185 F.2d 485 (C.A. 8th Cir. 1950); *Hite v. United States,* 168 F.2d 973 (C.A. 10th Cir. 1948). In each of these cases the defendant obtained possession of a car by passing a bad check, falsely representing that it would be paid.

352 U.S. at 416, 77 S.Ct. at 402 (emphasis added).

Relying on the authority of *Turley, supra,* then Circuit Judge Stewart noted for our court:

> The issue as to whether the goods were obtained by one of the unlawful methods of acquisition referred to in [the National Stolen Property Act] is not to be decided upon the basis of technical common law definitions.

*Bergman v. United States,* 253 F.2d 933, 935 (6th Cir. 1958). We consequently decline appellant's invitation to follow common law notions in construing the Act.

We accord the same meaning to the word "stolen" in the National Stolen Property Act as in the Dyer Act. *United States v. McClain,* 545 F.2d 988, 994–95 (5th Cir. 1977); *Lyda v. United States,* 279 F.2d 461, 463–65 (5th Cir. 1960); *see Turley, supra,* 352 U.S. at 412 & n. 9, 77 S.Ct. 397.[1] We therefore hold that § 2314 embraces the conduct of appellant in acquiring title to the tractors by means of checks drawn on insufficient funds.[2]

We find support for our conclusion in the fact that the National Stolen Property Act and the Dyer Act are part of an overall legislative scheme designed to thwart the misuse of interstate commerce. As the Fifth Circuit noted in *Lyda, supra,* 279 F.2d at 464:

> The aim of [the National Stolen Property Act] is, of course, to prohibit the use of interstate transportation facilities for goods having certain unlawful qualities. This reflects a congressional purpose to reach all ways by which an owner is wrongfully deprived of the use or benefits of the use of his property. It was one way to meet the difficulties in legislative draftsmanship. The experience with this Act, the Dyer Act, and others[3] bears witness that "what has concerned codifiers of the larceny-type offense is that gaps or crevices have separated par-

1. As support for its construction of "stolen" in the Dyer Act, *Turley* cited with approval two cases which gave a similarly broad reading to the word "stolen" in the National Stolen Property Act: *United States v. Handler,* 142 F.2d 351, 353 (2d Cir. 1944), *cert. denied,* 323 U.S. 741, 65 S.Ct. 40, 89 L.Ed. 594 (1945); *Crabb v. Zerbst,* 99 F.2d 562, 565 (5th Cir. 1939).

2. We thus need not decide whether the appellant's conduct falls within the other methods of acquisition condemned by § 2314: "converted or taken by fraud." *Lyda, supra,* 279 F.2d at 464–65; *see generally United States v. Vicars,* 465 F.2d 720 (6th Cir. 1972).

3. *E.g.,* 18 U.S.C. § 2316 (1970), (interstate transportation of stolen cattle) *construed, Cummings v. United States,* 289 U.S. 904 (10th Cir.), *cert. denied,* 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961). *Cummings* held that § 2316 condemned the interstate transportation of cattle acquired with an insufficient funds check.

ticular crimes of this general class and guilty men have escaped through the breaches." *Morissette v. United States,* 1952, 342 U.S. 246, at page 271, 72 S.Ct. 240, at page 254, 96 L.Ed. 288, at pages 304–305. Congress by the use of broad terms was trying to make clear that if a person was deprived of his property by unlawful means amounting to a forcible taking or a taking without his permission, by false pretense, by fraud, swindling, or by a conversion by one rightfully in possession, the subsequent transportation of such goods in interstate commerce was prohibited as a crime.

*See also Turley, supra,* 352 U.S. at 413–17, 77 S.Ct. 397.

Affirmed.