Katherine MARTIN

v.

**The UNITED STATES.**

No. 122–84C.

United States Claims Court.

Jan. 22, 1985.

Archie Jennings, St. Thomas, V.I., for plaintiff.

Lynn J. Bush, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Colvin W. Grannum, Washington, D.C., of counsel.

OPINION

MEROW, Judge:

This case is before the court on defendant's motion to dismiss pursuant to 28 U.S.C. § 1500.

### *Facts*

On March 16, 1982 plaintiff filed suit in the United States District Court of the Virgin Islands, Division of St. Croix (district court), against the Farmers Home Administration of the United States Department of Agriculture (FmHA), and Francis LeCointe, a building contractor, for breach of contract and negligent inspection and supervision of the construction of her home.

On November 21, 1978 plaintiff entered into a contract with FmHA in which she received a rural housing loan, pursuant to the National Housing Act of 1949, 42 U.S.C. § 1472, for construction of a home. A contractor, LeCointe, was selected to build the house. During construction there were approximately eight inspections by FmHA officials. At the last inspection, on November 1, 1979, FmHA stated the house was complete and in satisfactory condition. Within one month, plaintiff discovered defects. Plaintiff submitted several claims to FmHA. Upon partial rejection of the claims, plaintiff filed suit in the district court pursuant to 28 U.S.C. §§ 2671–2680 (Federal Tort Claims Act); 28 U.S.C. § 1331 (federal question jurisdiction); and

28 U.S.C. § 1346(a)(2) (mini-Tucker Act jurisdiction).

Defendant filed a motion for summary judgment asserting, in part, that the district court did not have jurisdiction over the contractual claims. Plaintiff's complaint alleged $21,000 in damages, but did not apportion the damages according to individual counts in the complaint. The district court construed this to mean that plaintiff alleged $21,000 in damages under each theory and concluded it did not have jurisdiction over the contractual claims. 28 U.S.C. § 1346(a)(2). Accordingly, on February 29, 1984 it transferred these counts to the Claims Court.[1] The district court retained jurisdiction over the remaining portions of the complaint.

On April 25, 1984 plaintiff filed an amended complaint in this court. The complaint is similar to the complaint filed in the district court, except it (1) contains no references to defendant LeCointe, (2) names the United States as defendant rather than the FmHA, and (3) deletes all references to plaintiff's claims under the Federal Tort Claims Act.

Defendant has filed a motion to dismiss, alleging the court lacks jurisdiction pursuant to 28 U.S.C. § 1500. For the reasons stated below, it is concluded that the action should be transferred to the district court pending resolution of the portions of the complaint over which the district court has jurisdiction.

### Discussion

28 U.S.C. § 1500 states:

> Pendency of claims in other courts
> The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Dismissal of suits pursuant to 28 U.S.C. § 1500 is an unattractive proposition. *See Brown v. United States*, 175 Ct.Cl. 343 at 348–49, 358 F.2d 1002 at 1005 (1966); *Arizona Helicopters, Inc. v. United States*, 4 Cl.Ct. 662, 665 (1984). *See also* Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and its Agents*, 55 Geo.L.J. 573 (1967). The statute is part of the code, however, and its restrictions cannot be ignored. *A.C. Seeman, Inc. v. United States*, 5 Cl.Ct. 386 (1984). Because the matter was first filed in the district court, section 1500 does not allow plaintiff to pursue her claim in this court at this time. *Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966).

The equitable resolution is to transfer the claims back to the district court pursuant to 28 U.S.C. § 1631 where they can be held in abeyance pending completion of all proceedings over which the district court has jurisdiction. Then, if still appropriate under the circumstances, the contract claims could be transferred to the Claims Court under 28 U.S.C. § 1631. This solution will avoid the problems engendered by 28 U.S.C. § 1500.

To dismiss plaintiff's contractual claims at this time, as 28 U.S.C. § 1500 would otherwise require, is not in the interest of justice. 28 U.S.C. § 1631.

If this action were dismissed, the statute of limitations, 28 U.S.C. § 2501, could well bar later litigation of plaintiff's contractual claims. The statute of limitations is jurisdictional and strictly construed. *Wilson Corp. v. United States*, 4 Cl.Ct. 171, 173 (1983); *Parker v. United States*, 2 Cl.Ct.

---

1. The district court transferred the claims to the Claims Court pursuant to 28 U.S.C. § 1406(c), 28 U.S.C. § 1406(c) was repealed by Pub.L. No. 97–164, Title I, § 132, 96 Stat. 39 (1982). A similar provision, 28 U.S.C. § 1631, was enacted by the same legislation. Pub.L. No. 97–164, Title III, § 301(a), 96 Stat. 55 (1982). Since 28 U.S.C. § 1631 is substantially similar to 28 U.S.C. § 1406(c), it is assumed, for the purposes of this order, that the transfer was effective. *United States v. Landram*, 118 U.S. 81, 6 S.Ct. 954, 30 L.Ed. 58 (1886); *Bear Lake & River Water Works & Irrig. Co. v. Garland*, 164 U.S. 1, 17 S.Ct. 7, 41 L.Ed. 327 (1896); 77 A.L.R.2d 336.

399, 402 (1983); *Ellis v. United States,* 1 Cl.Ct. 141, 143 (1983); *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). Transferring the matter to the district court, to hold pending completion of all proceedings there, will obviate the statute of limitations and 28 U.S.C. § 1500 problems. *Rothman v. United States,* 219 Ct.Cl. 595 (1979); *Duncan v. United States,* 229 Ct.Cl. 120, 667 F.2d 36 (1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983). Any district court findings on the claims within its jurisdiction will have res judicata and collateral estoppel effects. *See Lins v. United States,* 4 Cl.Ct. 772 (1984). Thus, by now transferring the matter to await conclusion of the district court action, duplicative proceedings can be avoided with savings for all concerned.

### Conclusion

For the reasons stated above, it is ORDERED:

(1) Defendant's motion to dismiss is denied;

(2) Pursuant to 28 U.S.C. § 1631, the action is transferred to the United States District Court of the Virgin Islands, Division of St. Croix, to await completion of proceedings on plaintiff's claim pending there.