**Ernest Ralph ELLIS**

v.

**The UNITED STATES.**

No. 268–82C.

United States Claims Court.

Feb. 16, 1983.

Ernest Ralph Ellis, pro se.

Sarah V. Greenberg, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Ronald R. Winfrey, LTC, Department of the Navy, Washington, D.C., of counsel.

## OPINION

MARGOLIS, Judge.

Plaintiff Ernest Ralph Ellis brings this military pay action *pro se* against the United States seeking to upgrade his discharge from general under honorable conditions to honorable, and to recover $36,320 in damages. The Defendant has moved for summary judgment on the grounds that the Plaintiff's claim is barred by the statute of limitations and by the doctrine of laches. Plaintiff has cross moved for summary judgment and opposes Defendant's motion. He alleges that a continuing mental illness, which he suffered from at the time of discharge, renders the statute of limitations and the laches doctrine inapplicable. The Court finds that the Plaintiff's claim is barred by the statute of limitations, grants the Defendant's motion for summary judgment, and denies Plaintiff's motion for summary judgment.

On August 5, 1974, Plaintiff enlisted in the U.S. Navy for training as a seaman apprentice. On February 26, 1975, Plaintiff entered the Naval Regional Medical Center, Portsmouth, Virginia, complaining of his difficulties and hatred for the Navy. After a mental examination Plaintiff was diagnosed as having a passive-aggressive personality, a character and behavior disorder which rendered him unsuitable for service in the Navy. An administrative discharge was recommended by the Medical Center.

After returning to active duty, Plaintiff was absent from his unit without authority from March 3, 1975 to March 29, 1975 and from April 2, 1975 to July 16, 1975. As a result, Plaintiff was tried by a court-martial and on July 31, 1975, was found guilty. A sentence was imposed of 30 days confinement, $220 fine, and reduction in rank.

On August 20, 1975, Plaintiff was given written notice that he was being considered for administrative discharge for unsuitability due to the diagnosis of passive-aggressive personality. Plaintiff signed this notice, declining to make any statement, and indicating his understanding of the pendency and reason for discharge and the types of discharge available. Plaintiff was granted a general discharge under honorable conditions on August 22, 1975.

Plaintiff has sought review of his discharge before numerous military tribunals. Plaintiff brought those actions seeking discharge upgrade, claiming that his psychological condition was a mitigating factor. Plaintiff contended that the unauthorized absences, court-martial, and subsequent punishment were due to his mental problems.

On April 10, 1977, Plaintiff sought a review before the Board for Correction of Naval Records (BCNR). After considering the Plaintiff's application, enlisted service record, medical record, examiner's case report, and pertinent statutes, regulations, and policies, the BCNR denied Plaintiff's request for discharge upgrade on November 2, 1979. Subsequently, the Naval Discharge Review Board (NDRB) conducted a documentary review and on December 26, 1979, recommended against changing Plaintiff's discharge status.

On February 26, 1981 and on July 6, 1981, Plaintiff filed two separate applications for a discharge upgrade with the NDRB. A hearing was held on July 15, 1982. Plaintiff was present, represented by the Ameri-

can Red Cross, and testified in his own behalf at this hearing. Numerous documents were presented by Plaintiff and were considered by the NDRB. Plaintiff's request was denied as invalid on August 31, 1982. The NDRB reasoned that although Plaintiff had a personality disorder, "this condition [had not been found to] reliev[e] him of responsibility for his actions." NDRB Decisional Document No. ND81–03772 at 8. There were "no grounds to mitigate or excuse the conduct of record. . . ." *Id.* While proceedings were pending before the NDRB, Plaintiff brought the instant action on May 26, 1982.

█ Jurisdiction is a threshold issue. The statute of limitations is jurisdictional and is strictly construed. *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). The applicable statute of limitations is set forth in 28 U.S.C. § 2501 (1976):

> "Every claim . . . shall be barred unless the petition thereon is filed within six years after such claim first accrues."

In wrongful discharge cases, the cause of action accrues "all at once upon the serviceman's removal." *Ramsey v. United States,* 215 Ct.Cl. 1042, 1043 (1978), *cert. denied,* 439 U.S. 1068, 99 S.Ct. 836, 59 L.Ed.2d 33 (1979); *Douglas v. United States,* No. 367–81C (Ct.Cl. May 18, 1982); *Mathis v. United States,* 183 Ct.Cl. 145, 391 F.2d 938 (1968). Thus, Plaintiff's claim accrued when he was discharged on August 22, 1975. As Plaintiff did not bring suit in this Court until May 26, 1982, his claim is clearly barred by the six year statute of limitations. The only remaining issue is whether the statute was tolled or deferred.

█ The legal disability provision of 28 U.S.C. § 2501 provides in pertinent part:

> "A petition on the claim of a person under legal disability . . . at the time the claim accrues may be filed within three years after the disability ceases."

Even assuming that Plaintiff's claimed mental illness constitutes a legal disability, Plaintiff's suit is still untimely. Any legal disability ceased upon a demonstration by Plaintiff of his understanding of his legal rights and responsibilities. *Warner v. United States,* No. 223–80C (Ct.Cl. November 7, 1980); *Goewey v. United States,* 222 Ct.Cl. 104, 612 F.2d 539 (1979). "The 'legal disability' provision of statutes of limitations are designed to provide relief from some personal handicap or impediment affecting the individual litigant and preventing him from bringing a timely suit." *Goewey,* 222 Ct.Cl. at 113, 612 F.2d at 544; *Marcos v. United States,* 122 Ct.Cl. 641, 655, 106 F.Supp. 172, 176 (1952). Plaintiff demonstrated his competence and his understanding of his legal rights by his numerous requests for military administrative reviews.* *Warner,* No. 223–80C at 3; *Goewey,* 222 Ct.Cl. at 114, 115, 612 F.2d 545. Plaintiff first sought such a review on April 10, 1977. Thus, application of the three year period would have barred Plaintiff's claim on April 10, 1980.

Neither was the statute of limitations tolled or deferred by Plaintiff's administrative appeals to the military review boards. These administrative proceedings were permissive in nature, not mandatory. *Douglas,* No. 367–81C at 3; *Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (1974).

---

* Plaintiff has submitted to this Court a decision of Administrative Law Judge Luis A. Catoni-Antonetti of the Social Security Administration Office of Hearings and Appeals dated December 30, 1982. Judge Catoni-Antonetti held that Plaintiff was disabled within the meaning of the Social Security Act, 42 U.S.C. § 401 *et seq.* (1976) (Act), from November 1981. A disability under the Act is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months." 20 CFR § 404.1505 (1982). In essence, a disability is the inability to do gainful work for a substantial continuous period. As explained previously, a legal disability is defined in terms of comprehension of legal rights and responsibilities. Although Plaintiff apparently has difficulty obtaining and holding jobs because of his psychological problems, he has amply demonstrated his ability to pursue his legal rights through his many appeals to military review boards.

"[O]ptional administrative remedies do not defer or toll the statute of limitations." *Mathis,* 183 Ct.Cl. at 148, 391 F.2d at 939; *Brundage,* 205 Ct.Cl. at 507, 504 F.2d at 1385. Plaintiff could have brought suit in this Court immediately upon his discharge without resort to any administrative body.

In sum, Plaintiff's suit is barred under both the six year limitations period and the three year legal disability period. The statute of limitations was neither tolled nor deferred by Plaintiff's pursuit of optional military administrative remedies. Because of this decision on the threshold issue of jurisdiction, it is unnecessary to reach the other issues raised in this case.

This Court is sensitive to the fact that because Plaintiff is *pro se,* some right or procedure might have been violated without being advanced by Plaintiff. Therefore, this Court has carefully considered the motions, opposition, supporting briefs and exhibits of the parties, the applicable decisions and statutes, and the entire record in this case. Therefore, it is

ORDERED, that the Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. The petition is dismissed.

