Clifford BEVELHEIMER, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 201–77.

United States Claims Court.

Feb. 29, 1984.

Robert A. Vort, Newark, N.J., for plaintiffs.

Robert A. Reutershan, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION ON DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

TIDWELL, Judge.

This is a civilian pay case which comes before the court on Defendant's Motion for Partial Summary Judgment. Plaintiffs were civilian general schedule employees of the Department of the Army at Picatinny

Arsenal in Dover, New Jersey, between 1966 and 1977. Plaintiffs brought suit in our predecessor court, the United States Court of Claims, on April 14, 1977 seeking hazard pay differential (hazardous duty pay) pursuant to 5 U.S.C. § 5545(d) for work performed under hazardous conditions at Picatinny Arsenal Defendant moved for partial summary judgment on the grounds that portions of plaintiffs' claims are barred by the statute of limitations and laches. Plaintiffs opposed defendant's motion on the grounds that the statute of limitations was tolled, or in the alternative, that defendant is estopped from raising this defense because of its conduct. Plaintiffs further contended that laches did not apply because defendant was not prejudiced by plaintiffs delay, if any, in pursuing their claims.

At oral argument held October 21, 1983, the court, upon careful review of the record and after listening to argument, granted defendant's motion in part and denied it in part. This opinion sets forth in more detail the reasons for that decision.

## FACTS

The following recital of facts are as stipulated by the parties. Between 1966 and 1977, plaintiffs were civilians employed (for various periods of time) by the Department of the Army at the Picatinny Arsenal in Dover, New Jersey. During the time period covered by this suit plaintiffs were employed in various general schedule (GS) positions. As GS employees, plaintiffs were entitled to hazardous duty pay under 5 U.S.C. 5545(d) if they met the criteria established by that section of law and the implementing regulations, 5 C.F.R. 550.901, *et seq.;* U.S. Army Armament Research and Development Command, Regulation No. 690–28, 3i (20 March, 1978) (ARRADCOMR). Plaintiffs allege that during the

period covered by the suit they performed some duties from time to time that entitled them to hazardous duty pay under 5 U.S.C. 5545(d). Defendant has no records detailing the assignments given to plaintiffs on a daily basis during the time covered by this suit. Prior to 1973, plaintiffs made no formal request for payment of hazardous duty pay. On September 20, 1973, 25 of the plaintiffs filed a grievance with Picatinny Arsenal by which they sought hazardous duty pay. Their grievance was denied by the Army on July 25, 1975, and on April 14, 1977, plaintiffs filed this action. On December 22, 1982 defendant moved for partial summary judgment. Jurisdiction in this court is premised upon 28 U.S.C. 1491.

## DISCUSSION

Pursuant to RUSCC 56(b), a party against whom a claim is asserted may move for summary judgment in its favor as to all or any part of such claim. The rule further provides that "the judgment sought shall be rendered forthwith if ... [as shown by the record,] there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RUSCC 56(c). *See also South Louisiana Grain Services, Inc. v. United States,* 1 Cl.Ct. 281, 289 (1982). The pertinent facts relating to defendant's motion are established without controversy and the court holds that defendant is entitled to judgment as a matter of law on the issue of the statute of limitations, but not on the issue of laches. The following sets forth the basis of our holding.

*I. Claims Prior to April 15, 1971*

 Defendant first contends that plaintiffs' claims prior to April 15, 1971 are barred by this court's statute of limitations, 28 U.S.C. § 2501.[1] Section 2501 provides in pertinent part:

---

1. Although plaintiffs have alleged that they are entitled to hazardous duty pay beginning in 1966, the statute authorizing such pay was not in effect until "the day of the first pay period" that began on or after January 15, 1967. Act of July 19, 1966, Pub.L. No. 89–512, § 2, 80 Stat. 318. Thus, as a matter of law, hazardous duty

pay was not authorized for pay periods beginning before January 15, 1967, and plaintiffs' claims prior to that date are barred. However, because of our holding with respect to the statute of limitations, which subsumes and renders moot this distinction, we only make men-

Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six-years after such claim first accrues.

It has been consistently held in actions before this court that the statute of limitations is jurisdictional in nature in that it limits this court's jurisdiction to hear claims to those arising within six years before suit was filed. *Ellis v. United States,* 1 Cl.Ct. 141 (1983). *See also Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946); *United States v. Sherwood,* 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). The statute of limitations is to be interpreted in light of its function of giving consent for the government to be sued. That statement of consent, however, since it is a relinquishment of a sovereign immunity, must be strictly interpreted. *See, Ellis v. United States,* 1 Cl.Ct. at 143; *United States v. Sherwood,* 312 U.S. at 590, 61 S.Ct. at 771. In *Holmberg,* the court pointed out that "[i]f Congress explicitly puts a limit upon the time for enforcing a right which it created, [that] is [the] end of the matter. The congressional statute of limitations is definitive." 327 U.S. at 395, 66 S.Ct. at 584.

In applying section 2501, the court must first determine when plaintiff's claims accrued. "A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225 (1964). Defendant argues that in this case plaintiffs' claims were continuing claims and, "a separate cause of action accrued each payday" when the Army did not include in plaintiffs' paychecks the hazardous duty pay they may have earned in that pay period which they now seek. *See Beebe v. United States,* 226 Ct.Cl. 308, 324, 640 F.2d

1283, 1292 (1981), *citing, inter alia, Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied sub. nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963).

We agree with defendant. Section 550.-905 of Title 5 of the Code of Federal Regulations provides that "[w]hen an employee performs duty for which hazard pay differential is authorized, the agency shall pay him the hazard differential for the hours in a pay status on the day ... on which the duty is performed." 5 C.F.R. 550.905. Plaintiffs' right to hazardous duty pay is analogous to the overtime compensation sought in *Beebe,* wherein it was held that a separate cause of action accrued on each payday that the compensation was not paid.[2] Therefore, we hold that a separate cause of action against the United States accrued for plaintiffs, for purposes of this proceeding, on each payday that defendant failed to include in plaintiffs' paychecks hazardous duty pay, if any, to which plaintiffs were entitled during that pay period.

Since plaintiffs brought their action in this court on April 14, 1977, we hold that all claims for hazardous duty pay accruing prior to April 15, 1971 should be barred by the six-year statute of limitations. Plaintiffs contend, however, that the statute was tolled by their pursuance of Army grievance procedures or, in the alternative, that defendant should be estopped from using the statute of limitations as a defense by virtue of defendants' conduct. We disagree with both of plaintiffs' contentions.

Plaintiff's argument that the statute of limitations should be tolled during pursuance of the Army grievance procedures is not persuasive. In *Friedman v. United States,* 159 Ct.Cl. at 7, 310 F.2d at 285, the court pointed out that, where Congress has not specifically provided for administrative review of adverse agency action, which is the case here, a party can bring its claim

---

tion of it here for purposes of completeness of the record.

**2.** It is analogous in that both overtime pay and hazardous duty pay are payable, in addition to regular or basic pay, for the hours on the day

work meeting the statutory requirements, as set forth in the implementing regulations, is completed. *See* 5 C.F.R. 550.907; ARRAD-COMR, No. 690–28, 3i (20 March, 1978).

directly to the Court of Claims (the predecessor of this court) assuming jurisdiction is otherwise proper. While the Army has provided for an administrative review by virtue of Picatinny Arsenal/Headquarters & Installation Support Activity (PA/HISA) regulation number 690–770 (28 March 1972),[3] which sets forth grievance procedures, that is simply an internal Army procedure flowing from but not implementing 5 U.S.C. 5545(d) and 5 C.F.R. 550.901, *et seq.* and, as such, is a permissive administrative remedy.

It is well settled that the instigation of a permissive administrative remedy does not toll the running of the statute of limitations. *Ellis v. United States,* 1 Cl.Ct. 141 (1983); *Camacho v. United States,* 204 Ct.Cl. 248, 494 F.2d 1363 (1974). The Army's grievance procedure is nothing more than a permissive administrative remedy because it was not mandated by Congress nor was it a prerequisite to bringing suit in this court. Furthermore, it provided no appeal right from a final Army decision to the then-Civil Service Commission. The closest it came to providing for non-Army review was allowing for referral of the claim to the Civil Service Commission if the commanding officer deemed it appropriate. PA/HISA Regulation Number 690–770 (28 March 1972). In *Bendure v. United States,* 213 Ct.Cl. 633, 642, 554 F.2d 427, 432 (1977), the Court of Claims held that plaintiffs who sought environmental differential pay,[4] were not required to exhaust a similar Air Force grievance remedy because it was doubtful that the Air Force would have decided an environmental differential pay grievance and because "even if plaintiffs had been able to obtain an agency decision, they would have had no appeal right to the Civil Service Commission."[5] Accordingly,

we hold that plaintiffs' participation in the Army's internal review process did not toll the running of the statute of limitations.

Plaintiffs' second argument which is intertwined with their first argument, is also unpersuasive. Plaintiffs contend that defendant should be estopped from using the statute of limitations as a defense because of defendant's conduct throughout that period. Plaintiffs allege that defendant's agents and officers instructed plaintiffs that their only remedy was to seek relief through the Army grievance procedure. Assuming that such misrepresentations were made, the government is not estopped from applying the statute of limitations since estoppel cannot be used against the federal government. *Legerlotz v. Rogers,* 266 F.2d 457, 459, n. 5 (D.C.Cir. 1959). *See also Jascourt v. United States,* 207 Ct.Cl. 955, *cert. denied,* 423 U.S. 1032, 96 S.Ct. 562, 46 L.Ed.2d 405 (1975); *Penn-Ohio Steel Corp. v. United States,* 173 Ct.Cl. 1064, 1085, 354 F.2d 254, 267 (1965). Under the doctrine of sovereign immunity, the United States cannot be sued without its consent and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *United States v. Sherwood,* 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). Congress limited that consent by virtue of this court's statute of limitations and only Congress can expand the extent to which consent has been given. For us to ignore or lengthen the six-year statute of limitations based on representations made by defendant's agents or officers would usurp the already stated congressional consent and violate defendant's sovereign immunity. *Anderegg v. United*

---

3. PA/HISA Regulation Number 690–770 (28 March 1972) applied at all relevant times to all segments of Picatinny Arsenal/Headquarters and Installation Support Activity, and by agreement with the Commanding General, U.S. Army Munitions Command to all segments of headquarters, U.S. Army Munitions Command, and administratively attached organizations receiving personnel management support services from Picatinny Arsenal and Headquarters and Installation Support Activity.

4. Such pay is the federal blue-collar employees' counterpart to hazardous duty pay for GS employees. 5 U.S.C. § 5343(c)(4).

5. Decisions by the Court of Claims are binding on this court. United States Claims Court General Order No. 1, Para. (1), (Oct. 7, 1982); *see also South Corp. v. United States,* 690 F.2d 1368 (Fed.Cir.1982).

*States,* 171 F.2d 127 (1948), *cert. denied,* 336 U.S. 967, 69 S.Ct. 937, 93 L.Ed. 1118 (1949); *accord Flanagan v. United States,* 2 Cl.Ct. 587 (1983). Thus, even if defendant's agents made representations as to the exclusivity of the grievance procedure which caused plaintiff to believe that nonmilitary remedies were not available, the United States cannot be estopped thereby.[6]

## II. *Claims Prior to August 20, 1973*

Secondly, defendant argues that plaintiffs' claims accruing prior to August 20, 1973 should be barred by laches because plaintiffs delayed in bringing their claims to the attention of defendant and such delay substantially prejudiced defendant in that no records were kept which can now be used to substantiate or refute plaintiffs' claims.[7]

■ The principles underlying the doctrine of laches have been articulated in several Supreme Court decisions. *See, e.g., Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961); *Gardner v. Panama R. Co.,* 342 U.S. 29, 31, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951); *Holmberg v. Armbrecht,* 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–85, 90 L.Ed. 743 (1946). Laches requires evidence by the party asserting it, in this case the United States, that (1) the plaintiffs lacked diligence in asserting their claim and (2) that the defendant was prejudiced by this delay.[8] As pointed out in *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 808, n. 17 (8th Cir.1979) quoting *Tobacco Workers International Union Local 317 v. Lorillard Corp.,* 448 F.2d 949, 958 (4th Cir.1971):

There are two kinds of prejudice which might support a defense of laches: (1) the delay has resulted in the loss of the evidence which would support the defendant's position; or (2) the defendant has changed its position in a way that would not have occurred if the plaintiff had not delayed.

■ There are no mechanical rules governing the application of the equitable doctrine of laches. In *Holmberg v. Armbrecht,* Justice Frankfurter stated:

"Equity eschews mechanical relief; it depends on flexibility. Equity has acted on the principle that 'laches is not like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relations of the property or the parties'." (Citations omitted.)

327 U.S. at 396, 66 S.Ct. at 584. Thus, a great deal of latitude is granted the court in applying the doctrine. *Gardner v. Panama R. Co.,* 342 U.S. at 30–31, 72 S.Ct. at 13–14.

Plaintiffs' cause of action first accrued in 1967. Plaintiffs did not bring a grievance with the Army until September 20, 1973 and first filed their claims in our predecessor court on April 14, 1977. Defendant contends that plaintiffs' inaction prior to 1973 constitutes a delay and that such delay caused significant prejudice to defendant based on 5 U.S.C. 5545(d) and attendant regulations. The statute and regulations provide for payment of hazardous duty pay only for specific identifiable instances of irregular or intermittent hazardous duties

---

**6.** Plaintiffs also allege that defendant should be estopped from arguing its present position because in *Bendure,* 213 Ct.Cl. 633, 554 F.2d 427 (1977), defendant advanced a contrary position. Defendant responds by saying that its present position adopts the court's decision in *Bendure* and should be affirmed. We agree. Thus, we do not address plaintiffs' contention further.

**7.** Defendant concedes that since plaintiffs filed their grievance with the Army on September 20, 1973, laches is inapplicable thereafter because the Army was placed on notice of plaintiffs' claims.

**8.** In determining whether to apply the doctrine of laches, the court should focus upon the length of the delay, the reasons therefor, how the delay affected the defendant, and the overall fairness in permitting the assertion of the claim. The prejudice normally contemplated in applying laches stems from such factors as loss of evidence and unavailability of witnesses which diminish a defendant's chances of success. *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 806–808 (8th Cir.1979).

not usually involved in the performance of regular duties. Since no records were kept of plaintiffs' duties by the Army or by plaintiffs, defendant contends that it would be very difficult, if not impossible, for defendant to present evidence as to whether plaintiffs actually performed hazardous duties and precisely when those duties were performed. Furthermore, defendant contends that witnesses are unlikely to remember specific day-to-day performance of such duties going back to 1971.

Plaintiffs counter that they were unaware of the availability of hazardous duty pay until August 1973 and thereafter promptly filed a grievance. The Army completed its administrative review in 1975 and plaintiffs brought suit here in 1977. Plaintiffs, therefore, contend that they acted diligently and did not delay in pursuing their claims. Furthermore, plaintiffs allege that defendant is not prejudiced by any delay, should the court find that such existed, because defendant did not change its position to its detriment nor was available evidence lost because of any delay.

 We obviate the need to decide the issue because we hold that, even if there was a delay, defendant was not sufficiently prejudiced thereby to justify the use of laches in this instance. Defendant was not prejudiced any more from 1971 to 1973 than after 1973 since it did not keep records of plaintiff's activities, as brought out at oral argument, during either period of time. Defendant's failure to keep records after plaintiffs filed their grievance can be traced to defendant's belief that those activities were and always had been part of plaintiffs' regular duties and, as such, the setting of each plaintiffs salary included a factor for hazardous duty as required by 5 U.S.C. 5545(d)(1). The court does not deny that problems exist with respect to gathering evidence at this late date as to the precise dates and times that plaintiffs performed hazardous duties, but these would have existed even in the absence of any delay on plaintiffs' part because of defendant's policies. Accordingly, we hold that plaintiffs'

claims for 1971 through 1973 cannot be barred by laches.

## CONCLUSION

Defendant's Motion for Partial Summary Judgment is granted in part in that plaintiffs' claims are barred prior to April 15, 1971 by the statute of limitations; and denied in part in that plaintiffs' claims for the period of April 15, 1971 through August 20, 1973 are not barred by laches.