**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICHARD W. COLEMAN JR., <br> Appellant, | DOCKET NUMBER <br> DC-1221-22-0109-W-1 |
| v. | |
| DEPARTMENT OF DEFENSE, <br> Agency. | DATE: August 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael J. Riselli</u>, Esquire, Alexandria, Virginia, for the appellant.

<u>Supraja T. Murali</u>, Esquire, and <u>Lundi McCarthy Shafiei</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis for concluding that the appellant failed to meet his jurisdictional burden, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was hired as a Supervisory Explosive Specialist with the Pentagon Force Protection Agency (PFPA) in the Hazardous Device Branch (hereinafter referred to as the Bomb Squad), effective June 22, 2008. Initial Appeal File (IAF), Tab 13 at 5-6, 41. This position was within the National Security Personnel System and included a 25% hazardous duty pay (HDP) supplement. *Id.* at 9, 42-45; *see* 5 U.S.C. § 5545(d)(2); 5 C.F.R. § 550.904. In or around September 2014, an anonymous complaint was made to the Department of Defense's Office of the Inspector General (DoD OIG) alleging that members of the Bomb Squad were improperly receiving the HDP supplement. IAF, Tab 2 at 16-17. On January 23, 2015, Bomb Squad employees were called to a meeting with agency managers and Human Resources (HR) officials and informed that they had been erroneously receiving the HDP supplement and that the supplement would be discontinued. IAF, Tab 2 at 17, Tab 13 at 11. The HDP supplement was discontinued effective the following day, January 24, 2015. IAF, Tab 13

at 12. During a subsequent meeting with the HR Director on April 24, 2015, Bomb Squad employees were provided with a written memorandum explaining the basis for the January 2015 decision.[2] IAF, Tab 2 at 103-04, Tab 13 at 12-13. Specifically, they were informed that based on an analysis of the affected employee's positions descriptions (PDs) and in accordance with regulations setting forth the requirements for entitlement to HDP, 5 C.F.R. § 550.904, the employee's PDs "inaccurately captured [their] eligibility for [HDP]," and they were "erroneously receiving [HDP] differential." IAF, Tab 2 at 103. Consequently, the PDs for affected employees were revised to remove the references to HDP and were reissued. *Id.*

¶3      Starting after the January 23, 2015 meeting, the appellant began a multi-year campaign challenging the agency's decision to rescind the HDP supplement through a variety of avenues, including by contacting various DoD officials, Members of Congress, the DoD OIG, and the Office of Personnel Management. On April 3, 2017, the appellant filed an OSC Form 12 "Disclosure of Information" complaint with OSC's Disclosure Unit (DU) regarding the alteration of the PDs and the elimination of HDP. IAF, Tab 2 at 20-28, Tab 21 at 27-30. That complaint was closed out and referred to the Complaints Examining Unit (CEU) on November 21, 2017. IAF, Tab 2 at 7. On October 19, 2017, the appellant filed an OSC Form 11 "Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity" with OSC's CEU regarding the cessation of the HDP supplement, among other things.[3] *Id.* at 8-19, Tab 21 at 33-

---

[2] Members were also informed at that time that the agency would seek repayment of the HDP overpayment dating back to 2011, although all debts that resulted from the HDP overpayment were later waived. IAF, Tab 13 at 12-13 & n2.

[3] The DU does not review allegations of prohibited personnel practices, and the Board has held that making a disclosure to the Disclosure Unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3). *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 9 (2016); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011). After the appellant filed these complaints with OSC, OSC reorganized its components such that the functions previously performed by the CEU are now performed by the Investigation and Prosecution Division.

37. By a letter dated November 18, 2021, OSC informed the appellant that it did not intend to seek corrective action on his behalf but that his complaint remained open. IAF, Tab 14 at 158. The letter also informed the appellant that he had exhausted his administrative remedies with OSC and provided him with notice of his right to file an IRA appeal with the Board. *Id.*

¶4  On December 3, 2021, the appellant filed the instant IRA appeal alleging that the agency continuously denied him HDP in retaliation for his whistleblowing disclosures and activities. IAF, Tab 1. The administrative judge issued an IRA jurisdiction order that notified the appellant of his jurisdictional burden and instructed him to submit evidence and argument establishing Board jurisdiction over his appeal. IAF, Tab 6. After the appellant filed his jurisdictional response, IAF, Tabs 12-14, the administrative judge issued a second jurisdictional order noting that the appellant's initial response was insufficiently specific to allow her to make a jurisdictional determination, IAF, Tab 16. She reopened the record on jurisdiction, instructed the appellant to identify specific information for each of his protected disclosures or activities and retaliatory personnel actions, and included a template for the appellant to provide the information she required to make a jurisdictional determination. *Id.* at 1-3.

¶5  After the appellant submitted a corrected supplemental jurisdictional response[4], IAF, Tabs 21-22, the administrative judge issued an initial decision without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction, IAF, Tab 24, Initial Decision (ID) at 1, 10. Specifically, the administrative judge concluded that the appellant failed to nonfrivolously allege that he made a protected disclosure under 5 U.S.C. § 2302(b)(8), *id.* at 6-10, and that even if he nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A) or (C) in connection with his complaints to the OIG and Members of Congress, he nevertheless failed to nonfrivolously allege that he was

---

[4] The administrative judge rejected the appellant's initial supplemental jurisdictional response for failure to comply with her instructions. IAF, Tab 20.

subjected to a covered personnel action under 5 U.S.C. § 2302(a) because the only personnel action he was challenging—the discontinuation of the HDP supplement—occurred in January 2015, before he engaged in any of the alleged protected activities.  ID at 10.  In making this finding, she acknowledged but rejected the appellant's argument that each of the agency's subsequent refusals to reinstate HDP should have been considered separate personnel actions for the purpose of establishing Board jurisdiction over his IRA appeal.  ID at 10.

¶6      The appellant timely filed a petition for review of the initial decision. Petition for Review File (PFR), Tab 1.  The agency filed a response in opposition to the petition for review, and the appellant filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      The appellant argues on review that the administrative judge erred by rejecting his argument that he has been subjected to a "continuing retaliatory personnel action, or more correctly, a series of continuing retaliatory personnel actions" based on the agency's discontinuation of his HDP supplement after January 23, 2015.  PFR File, Tab 1 at 6-9.  He also argues that the administrative judge erred by concluding that he failed to make protected disclosures under 5 U.S.C. § 2302(b)(8) in connection with his challenges to the agency's HDP discontinuation decision.  *Id.* at 9-14.  Finally, he argues that she erred by failing to address his argument that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) when he filed classification appeals with the Office of Personnel Management (OPM) in 2017 and 2020 challenging the agency's decision to discontinue the HDP supplement.  *Id.* at 18-19.

Applicable legal standard.

¶8      The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)

(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 2022-1967 (Fed. Cir. July 7, 2023); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶9 A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*; *see* 5 U.S.C. § 2302(b)(8).

¶10 An appellant must make specific and detailed allegations; vague, conclusory, or unsupported allegations, such as one that essentially repeats the legal standard, without more, are pro forma and insufficient to meet the nonfrivolous standard. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶¶ 6, 8 (2016), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11. As the U.S. Court of Appeals for the Federal Circuit held, "the question of whether the appellant has non-frivolously alleged protected disclosures that contributed in a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020). In addition, "the Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell

within the protected categories or whether the disclosures were a contributing factor in an adverse personnel action." *Id.* If an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

OSC Exhaustion.

¶11    The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (citations omitted). However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. *Id.*; *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Skarada*, 2022 MSPB 17, ¶ 7. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Chambers*, 2022 MSPB 8, ¶ 11.

¶12    The administrative judge determined that the appellant exhausted with OSC his claim that he was subjected to a decision concerning pay or benefits under 5 U.S.C. § 2302(a)(2)(A)(ix) when the agency continuously refused to reinstate the HDP supplement. Although she did not make specific findings concerning which of the appellant's alleged disclosures or activities he exhausted with OSC, we agree that he has demonstrated exhaustion as to all 11 potential disclosures or activities he identified in his supplemental response to her jurisdictional order. IAF, Tab 21 at 9-39.

¶13        Regarding the retaliatory personnel actions, the appellant alleged in his OSC complaint that he was continuously denied HDP, Stand By Pay (SBP), and Law Enforcement Assistance Pay (LEAP).  IAF, Tab 2 at 13-18.  However, in his supplemental jurisdictional pleading, he acknowledged that he was not challenging the denial of SBP and LEAP as a part of his IRA appeal.  IAF, Tab 21 at 33 n.14.  Additionally, he alleged that in retaliation for Disclosures 6, 8, 10, and 11, the agency subjected him to an "illegal reassignment," and referenced 5 U.S.C.  § 2302(a)(2)(A)(iv), which identifies "a detail, transfer, or reassignment" as a covered personnel action.  IAF, Tab 21 at 21-39.  Although the appellant's original OSC complaint does not reference his alleged retaliatory reassignment, some of the documents the appellant states that he provided to OSC do reference an alleged "reassignment" starting on April 24, 2015, following changes made to his PD to remove the references to HDP.  IAF, Tab 2 at 48-49, 103.  Accordingly, we conclude that the appellant also exhausted this claim with OSC.

¶14        In sum, we modify the initial decision to clarify that the appellant exhausted what has been identified as Disclosures 1 through 11 with OSC, as well as the appellant's claims that he was subjected to a reassignment under 5 U.S.C. § 2302(a)(2)(A)(iv), and a decision concerning pay or benefits under 5 U.S.C. § 2302(a)(2)(A)(ix) when his HDP supplement was discontinued.

<u>We agree that the appellant failed to meet his jurisdictional burden because he failed to nonfrivolously allege that any of his alleged disclosures or activities was a contributing factor in the agency's decision to take either of the challenged personnel actions.</u>

*The January 24, 2015 discontinuation of the HDP supplement.*

¶15        As the record reflects that all of the appellant's alleged protected disclosures and activities postdate both of his alleged retaliatory personnel action, that is, the discontinuation of HDP and the appellant's "reassignment" based on the issuance of a new PD following the rescission of HDP, we conclude that he

failed to nonfrivolously allege that any of these disclosures or activities were a contributing factor in these personnel actions. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015) (explaining that because the subject personnel action predated the disclosure, the disclosure could not have contributed to the personnel action), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016); *Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (same), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008).

¶16    As previously noted, the appellant argues that the agency's failure to resume payment of HDP after January 23, 2015, gave rise to a separate retaliatory personnel action "each and every payday" that he did not receive the HDP supplement, and that therefore the administrative judge erred in finding he failed to establish that his protected disclosures and activities were contributing factors as to these subsequent events. PFR File, Tab 1 at 7. He argues, in other words, that because each paycheck that did not include the HDP supplement was a part of the agency's "continuing reprisal," each of the whistleblowing disclosures and activities he exhausted with OSC preceded a subsequent denial of the HDP supplement, and so he nonfrivolously alleged that he was subjected to personnel actions in retaliation for his various disclosures and activities. *Id.* at 7-9.

¶17    To support this argument, the appellant relies on decisions of the U.S. Court of Claims discussing a "continuing claims" theory of liability. *Id.* at 8-9 (citing *Bevelheimer v. United States*, 4 Cl. Ct. 558 (1984); *Beebe v. United States*, 640 F.2d 1283 (Ct. Cl. 1981), *disagreed with on other grounds by Bodie v. City of Columbia, S.C.*, 934 F.2d 561, 565 (4th Cir. 1991); *and Friedman v. United States*, 310 F.2d 381, 384 (Ct. Cl. 1962)). In *Bevelheimer*, 4 Cl. Ct. at 559-62, the U.S. Court of Claims considered whether a group of employees who alleged that they completed job duties that entitled them to HDP during the period from 1966 through 1977 were barred by the court's statute of limitations from later bringing suit against the Department of the Army on their claim that they should have received the HDP differential for that time period. As a part of addressing

this argument, the court considered defendants' argument that under the relevant statutory provision, "'a separate cause of action accrued each payday' when the Army did not include in plaintiffs' paychecks the hazardous duty pay they may have earned in that pay period which they now seek." *Id.* at 561. The court ultimately agreed with the defendants that, for the purposes of that proceeding, a separate cause of action against the Government accrued for the plaintiffs on each day that the agency failed to include the HDP differential in the plaintiffs' paychecks. *Id.*; *see Beebe*, 640 F.2d at 1292; *Friedman*, 310 F.2d at 384. As the agency correctly observes on review, however, the matter the court was addressing in *Bevelheimer* concerned whether a statute of limitations could apply to bar suit for a prior claim of entitlement to HDP, and so the court's embrace of a "continuing claims" theory of liability in that case has no bearing on the question posed in this case, i.e., whether, following an initial decision to discontinue the HDP supplement, the withholding of the supplement from each subsequent paycheck gives rise to separate covered personnel actions under 5 U.S.C. § 2302(a) for the purposes of an IRA appeal.

¶18    Moreover, the Board has specifically considered and rejected such a "continuing claims" theory of liability under similar circumstances. In *Hamley v. Department of the Interior*, 122 M.S.P.R. 290 ¶ 3 (2015), the appellant filed an IRA appeal alleging that the agency retaliated against him when it significantly changed his work duties by not allowing him to assume the original duties of his position at the end of his detail. OSC subsequently ordered the agency to return the appellant to duty as corrective action, and the only issue before the Board was the appellant's entitlement to compensatory damages under the Whistleblower Protection Enhancement Act of 2012 (WPEA). *Id.*, ¶ 3. The challenged personnel action was effected prior to the enactment of the WPEA, which altered the availability of compensatory damages for such actions. *Id.*, ¶¶ 3, 11. Although the appellant acknowledged that he was not entitled to damages for the period prior to the enactment of the WPEA, he argued that the significant change

in his duties was "not a discrete act but rather a 'continuing action'" because the change to his duties continued after the enactment of the WPEA. *Id.*, ¶ 3.

¶19　　The Board rejected the appellant's "continuing action" theory of liability, noting that although the theory could be applied to toll the statute of limitations for certain Title VII claims, under the WPEA, unlike under Title VII, there is no deadline for an appellant to file an administrative complaint that is associated with the date of the alleged retaliatory act and so the theory was not applicable. *Id.*, ¶ 8. The Board further concluded that even if it were to recognize that the principles underling a continuing violation theory of liability could be applied under the WPEA, the appellant still would not prevail because the administrative judge properly determined that the significant change in the appellant's duties was, in fact, a discrete act. *Id.* ¶ 10. Importantly, the Boad noted that the appellant's "continued performance of the changed duties" after the effective date of the WPEA was merely "a consequence of the June 30, 2012 discrete act," and determined that "these consequences do not constitute separate acts of reprisal or render the June 30, 2012 violation 'continuing' under the WPEA." *Id.*

¶20　　As in *Hamley*, the single discrete act that constituted a covered personnel action under 5 U.S.C. § 2302(a) in the instant case was the agency's initial decision on January 23, 2015, to suspend the payment of the HDP supplement to Bomb Squad employees, effective January 24, 2015. IAF, Tab 2 at 103-04, Tab 13 at 12 (acknowledging that the HDP premium payment was discontinued effective January 24, 2015). The fact that the effects of that decision were reflected in each subsequent paycheck thereafter is immaterial and does not transform the agency's single, discrete decision into a continuing personnel action. Consequently, we find that, because all of the appellant's alleged protected disclosures and activities postdated the agency's January 24, 2015 decision to discontinue the HDP supplement, the appellant failed to nonfrivolously allege that any of his eleven disclosures was a contributing factor

in the agency's decision to discontinue payment of the HDP supplement[5]   IAF, Tab 21 at 9-39; *see El*, 123 M.S.P.R. 76, ¶ 10; *Davis*, 106 M.S.P.R. 560, ¶ 12.

*The April 24, 2015 "reassignment"*

¶21      As previously noted, the administrative judge did not address the appellant's claim that he was "reassigned" when he received a memorandum on or around April 24, 2015, informing him that his PD had been updated to remove references to the HDP.  IAF, Tab 2 at 48-49, 103-04.  A "reassignment" is defined at 5 C.F.R. § 210.102(b)(12) as "a change of an employee, while serving continuously within the same agency, from one position to another without promotion or demotion."   *See Onasch v. Department of Transportation*, 63 M.S.P.R. 158, 162 (1994).  Here, it appears that the only result of the agency's April 24, 2015 action revising the appellant's PD was to remove the references to HDP.  IAF, Tab 2 at 90-102 (appellant's prior and updated PDs), 105-116 (evaluation statement for appellant's prior PD).  As the appellant's title, job series, location, or duties were apparently not altered as a result of the reissuance of the PD, it does not appear he was subjected to a covered "reassignment" as a result of the PD change.  *Id.* at 90-102.

¶22      In any case, even assuming the appellant was subjected to a reassignment for the purposes of 5 U.S.C. § 2302(a)(2)(A)(iv) based on the April 24, 2015 changes to his PD, the appellant alleged that the agency took this action in retaliation for Disclosures 6, 8, 10, and 11, each of which postdated the agency's

---

[5] To the extent the appellant is arguing on review that his March 2020 OPM classification appeal was a protected activity under 5 U.S.C. § 2302(b)(9), we find that, even assuming the appeal did constitute a protected activity under this subsection, it likewise postdated both challenged personnel actions by nearly 5 years, and that therefore the appellant also failed to meet his jurisdictional burden with respect to this claim.  PFR File, Tab 1 at 18-19, IAF, Tab 21 at 44-45.  Although the appellant mentions another "statutory classification appeal" filed in 2017, this is a reference to an internal request to the Director of PFPA for a desk audit of his position description filed on April 10, 2017.  IAF, Tab 13 at 17, 107-08, Tab 21 at 40-44.  That alleged disclosure, too, postdated both of the allegedly retaliatory personnel actions and thus likewise could not have contributed to the agency's decision to take either action.

April 24, 2015 PD revisions. IAF, Tab 21 at 21-39. Thus, none of these disclosures could have contributed to the agency's decision to take the challenged action. *See El*, 123 M.S.P.R. 76, ¶ 10; *Davis*, 106 M.S.P.R. 560, ¶ 12. Accordingly, we further modify the initial decision to clarify that although the appellant exhausted with OSC his claim that he was subjected to a reassignment in retaliation for his various protected disclosures and activities, he nevertheless failed to nonfrivolously allege that any of these disclosures or activities contributed to the agency's decision to take that action, and that therefore he also failed to meet his jurisdictional burden as to that claim.[6]

¶23     For the foregoing reasons, we deny the appellant's petition for review and affirm the initial decision dismissing the appellant's IRA appeal for lack of jurisdiction, as modified herein to clarify the basis for the jurisdictional determination.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[6] Because we have concluded that all of the appellant's alleged disclosures and activities postdated all of the alleged retaliatory personnel actions, we need not address the administrative judge's alternative finding that the appellant failed to nonfrivolously allege that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) in connection with his claims. ID at 6-10.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.